**Gerardo Rafael VELEZMORO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73244.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted En Banc Dec. 14, 2004.

Decided Jan. 18, 2005.

Vadim Yuzefpolsky, Esq., Law Offices of Vadim Yuzefpolsky, Glendale, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison Marie Igoe, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Jonathan F. Cohn, Esq., DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, PREGERSON, HAWKINS, THOMAS, SILVERMAN, GRABER, W. FLETCHER, BERZON, TALLMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The Board of Immigration Appeals did not abuse its discretion in denying the motion of Gerardo Rafael Velezmoro to reopen the merits of his asylum and withholding of deportation claims. *See INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (reviewing for abuse of discretion the denial of a motion to reopen claims for asylum and withholding of deportation); *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000) (same).

**PETITION DENIED.**

PREGERSON, Circuit Judge, dissenting:

I continue to believe that the original panel decision, in which I concurred, offered a legally sound resolution to this appeal.

The Board of Immigration Appeals ("BIA") ordered Velezmoro to voluntarily depart the United States, rendering him ineligible to adjust his status to lawful permanent resident for five years. *See* 8 U.S.C. § 1252b(e)(2)(a)(1995). In two separate motions to reopen proceedings before the Board of Immigration Appeals, Velezmoro attempted to introduce highly relevant evidence that might have changed the outcome of his removal hearing—evidence of his marriage to a United States citizen. Citing his failure to submit the proper paperwork, the BIA denied Velezmoro's first motion to reopen. After Velezmoro attempted to submit the proper paperwork, the BIA denied his second motion to reopen, this time citing Velezmoro's failure to depart the United States within the 30-day departure period. Before the resolution of his appeal in this court, the five-year bar on adjustment of status, triggered by the voluntary departure order, lapsed.

Rather than ignore the lapse of the five-year bar, the panel remanded this case to the BIA to consider in the first instance whether Velezmoro was now eligible to adjust his status to lawful permanent resident. I continue to believe that it was proper to remand this case to the BIA to consider whether the passage of time rendered Velezmoro eligible to adjust his status.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.